BATCHELDER, C.J., delivered the opinion of the court, in which MERRITT, J., joined. KETHLEDGE, J. (pp. 572-74), delivered a separate dissenting opinion.
OPINION
ALICE M. BATCHELDER, Chief Judge.
This case presents the question of whether purportedly volunteer firefighters who receive a substantial hourly wage for responding to calls whenever they choose to do so are “employees” or “volunteers” for purposes of the Fair Labor Standards Act (“FLSA”) and Family Medical Leave Act (“FMLA”). Plaintiff-Appellant Paul Mendel was employed by Defendant-Appellee City of Gibraltar (“the City”) as a dispatcher in the City’s police department. After Mendel’s employment was terminated, he sued the City for allegedly violating his rights under the FMLA. The City moved for summary judgment, arguing that it did not employ the requisite number of employees for application of the FMLA because its volunteer firefighters were not employees for purposes of the FMLA. The district court agreed with the City and granted its motion for summary judgment. Because we conclude that the Gibraltar firefighters are in fact “employees”, within the meaning of the FLSA and FMLA, we REVERSE the judgment of the district court and remand for further proceedings.
I.
The facts relevant to this appeal do not concern Mendel or the story surrounding his termination. Rather, the facts pertinent to the issue before us concern the City’s “volunteer” firefighters and the nature of their responsibilities and of their relationship to the City.[1]
At the time Mendel was terminated from his position as a police dispatcher, the City employed forty-one employees excluding its “volunteer” firefighters. According to the City Fire Chiefs estimate, the City typically had between twenty-five and thirty volunteer firefighters. The volunteer firefighters of Gibraltar must complete training on their own time without compensation.[2] While they are not required to respond to any emergency call, they are paid $15 per hour for the time they do spend responding to a call or maintaining equipment. They do not work set shifts or staff a fire station; they maintain other employment and have no consistent schedule working as volunteer firefighters.
*568 The firefighters generally receive a Form-1099 MISC from the City. They do not receive health insurance, sick or vacation time, social security benefits, or premium pay. The City does have an employment application for the firefighters, and it apparently keeps a personnel file for each firefighter. A volunteer firefighter may be promoted or discharged.
Mendel introduced evidence below of what several other local communities pay their full-time firefighters. According to his wife’s affidavit, she and Mendel discovered that certain other communities in the area pay hourly wages ranging from approximately $14 to $17 per hour. Also, the City pays its own part-time Fire Chief $20,000 per year, and the Chief testified in his deposition that he “tr[ies] to work 20 hours per week at the [Gibraltar] fire station.” Based on this information, the Secretary of Labor notes in her amicus brief[3] that if one assumes the Fire Chief works fifty-two weeks per year, he effectively earns $19.23 per hour.
The City moved for summary judgment below, arguing that Mendel was not an “eligible employee” under the FMLA. The City contended that the volunteer firefighters were not employees of the City, and that therefore the City did not employ fifty or more employees, as required under the FMLA’s definition of “eligible employee.” See 29 U.S.C. § 2611(2)(B)(ii). The district court agreed and granted summary judgment for the City. Mendel now appeals.
II.
“We review a district court’s grant of summary judgment de novo.” Smith v. Perkins Bd. of Educ., 708 F.3d 821, 825 (6th Cir.2013). A moving party is entitled to summary judgment “if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). In determining whether this standard is met, “[w]e view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party.” Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir.2005) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). There appears to be no significant factual dispute relevant to the issue before us. The question of whether an individual is an “employee” within the meaning of the FLSA is a question of law. See Fegley v. Higgins, 19 F.3d 1126, 1132 (6th Cir.1994).
A plaintiff bringing an interference claim under the FMLA[4] has the burden to prove that:
(1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled.
Walton, 424 F.3d at 485. The only element at issue in this appeal is the first— *569 whether Mendel was an “eligible employee” within the meaning of the FMLA.[5].
The FMLA defines the term “eligible employee” in 29 U.S.C. § 2611(2). This case centers on one specific exclusion in that section: “The term ‘eligible employee’ does not include ... any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.” § 2611(2)(B). ■ In this case, if the “volunteer” firefighters are “employees” of the City, then the City employs fifty or more employees, and Mendel is an “eligible employee” under the FMLA. However, if the firefighters are not “employees” of the City within the meaning of the FMLA, then the City employs less than fifty employees, and Mendel is not an eligible employee under the FMLA.
To answer the question of whether reputedly “volunteer” firefighters fall within the scope of the FMLA’s definition of an “employee,” we must turn to the section of the FLSA that addresses this issue. See 29 U.S.C. § 2611(3) (providing that for purposes of the FMLA, the terms “employ” and “employee” have the same meaning as given in 29 U.S.C. § 203(e) and (g), the definitions section of the FLSA). The FLSA generally defines “employee” as “any individual employed by an employer.” 29 U.S.C. § 203(e)(1). In a slightly more illuminating vein, it defines “employ” as “to suffer or permit to work.” § 203(g). Noting the “striking breadth” of the FLSA’s expansive definition of “employ,” the Supreme Court has stated that this definition “stretches the meaning of ‘employee’ to cover some parties who might not qualify as such under a strict application of traditional agency law principles.” Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (distinguishing the scope of “employee” under ERISA as not being as broad as it is under the FLSA); see also Walling v. Portland Terminal Co., 330 U.S. 148, 150-51, 67 S.Ct. 639, 91 L.Ed. 809 (1947) (“[I]n determining who are ‘employees’ under the [FLSA], common law employee categories or employer-employee classifications under other statutes are not of controlling significance. This Act contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category.” (citation omitted)). The high Court “has consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction.” Tony & Susan Alamo Found, v. Sec’y of Labor, 471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (internal quotation marks omitted).
The Supreme Court has adopted an “economic reality” test to determine whether an individual is an employee under the FLSA. See, e.g., id. at 301, 105 S.Ct. 1953. Under the Court’s long-standing FLSA jurisprudence, “the determination of the relationship does not depend on ... isolated factors but rather upon the circumstances of the whole activity.” Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). “The issue of the employment relationship does not lend itself to a precise test, but is to be determined on a case-by-case basis upon the circumstances of the whole business activity.” Donovan v. *570 Brandel, 736 F.2d 1114, 1116 (6th Cir.1984).
Here, it appears that the Gibraltar firefighters fall within the FLSA’s broad definition of employee. The firefighters are suffered or permitted to work, see 29 U.S.C. § 203(g), and they even receive substantial wages for their work.[6]
This is not the end of our analysis, however. In 1986, Congress amended the FLSA to clarify that individuals who volunteer to perform services for a public agency are not employees under the Act. Section 203(e) now includes the following provision:
The term “employee” does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if—
(i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and
(ii) such services are not the same type of services which the individual is employed to perform for such public agency-
29 U.S.C. § 203(e)(4)(A).
Thus, the question becomes whether the Gibraltar firefighters fall within this exception to the FLSA’s generally broad definition of “employee.” Specifically, the question before us is whether the wages paid to the firefighters constitute “compensation” or merely a “nominal fee.” If the hourly wages are compensation, then the firefighters are employees under the FLSA. Conversely, if the wages are merely a nominal fee, then the firefighters are volunteers expressly excluded from the FLSA’s definition of employee.
The official regulations provide guidance at this juncture. The regulations define “volunteer” as “[a]n individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered.” 29 C.F.R. § 553.101(a); see also 29 C.F.R. § 553.104(a) (employing similar language). The regulations proceed to recognize, “Volunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers.” 29 C.F.R. § 553.106(a). The specific provision addressing nominal fees provides, in part, “A nominal fee is not a substitute for compensation and must not be tied to productivity. However, this does not preclude the payment of a nominal amount on a ‘per call’ or similar basis to volunteer firefighters.” 29 C.F.R. § 553.106(e). Finally, the regulations caution, “Whether the furnishing of expenses, benefits, or fees would result in individuals’ losing their status as volunteers under the FLSA can only be determined by ex *571 amining the total amount of payments made (expenses, benefits, fees) in the context of the economic realities of the particular situation.” 29 C.F.R. § 553.106(f).
In the context of the economic realities of this particular situation, we hold that the hourly wages paid to the Gibraltar firefighters are not nominal fees, but are compensation under the FLSA. The firefighters do not receive “a nominal amount on a ‘per call’ or similar basis.” 29 C.F.R. § 553.106(e). Rather, they render services with the promise, expectation, and receipt of substantial compensation. See 29 C.F.R. §§ 553.101(a), 553.104(a). Each time a firefighter responds to a call, he knows he will receive compensation at a particular hourly rate — which happens to be substantially similar to the hourly rates paid to full-time employed firefighters in some of the neighboring areas. Essentially, the Gibraltar firefighters are paid a regular wage for whatever time they choose to spend responding to calls. These substantial hourly wages simply do not qualify as nominal fees. Cf. Purdham v. Fairfax Cnty. Sch. Bd., 637 F.3d 421, 433-34 (4th Cir.2011) (holding that a School Board’s payment of a fixed stipend to a golf coach was a nominal fee where: (1) the stipend amount did not change based on either how much time and effort the coach expended on coaching activities or how successful the team was; and (2) the approximate hourly rate to which the coach’s stipend could be converted was only a fraction (less thanyfi of the hourly wage he received as a full-time security assistant employed by the School Board).
Notably, the Supreme Court has held that those who “work in contemplation of compensation” are “employees” within the meaning of the FLSA, even though they may view themselves as “volunteers.” Tony & Susan Alamo Found., 471 U.S. at 300-02, 306, 105 S.Ct. 1953. Despite the fact that the Gibraltar firefighters are referred to as “volunteers,” the inescapable fact nevertheless remains that they “work in contemplation of compensation.” Thus, the Gibraltar firefighters are “employees”' and not “volunteers” within the meaning of the FLSA. See Krause v. Cherry Hill Fire Dist. 13, 969 F.Supp. 270, 277 (D.N.J.1997) (“In view of the fact that the plaintiffs [firefighters] both expected and received hourly compensation, in an amount greater than a ‘nominal’ fee, it is clear that plaintiffs were not volunteers.... ”).
One final issue requbes comment. The parties dispute the applicability of 29 U.S.C. § 203(y) to this case. The district court found § 203(y) relevant and used it in its analysis. However, § 203(y) does not support the City’s position. That subsection reads:
“Employee in fire protection activities” means an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who—
(1) is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and
(2) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the envbonment is at risk.
29 U.S.C. § 203(y). The phrase “employee in fire protection activities” appears in § 207(k), which prescribes a - special rule for calculating when overtime pay is requbed for employees in fire protection activities or employees in law enforcement activities.[7]
*572 We fail to see how § 203(y) can fairly be interpreted to require anyone performing firefighting services to fit within its definition in order to fall within the scope of the FLSA in general. . Rather, Congress has simply explained that for those employed firefighters who have “the legal authority and responsibility” to put out fires, a different standard applies for calculating their entitlement to overtime pay, due to the nature of their work. This makes perfect sense. However, it is a non sequitwr to claim that any type of firefighter who fails to fit the definition of an “employee in fire protection activities” in § 203(y) cannot be considered an “employee” under the broad understanding of that term for any other purpose under the FLSA. This would mean that unless a firefighter has a legal duty to respond to emergency calls, he could never be considered an “employee” under the FLSA in general, even if he were paid wages equal to — or even greater than — what a career firefighter would be paid. This is not a fair reading of the statutory scheme of the FLSA.
The role of § 203(y) is to define a particular class of firefighters who are treated somewhat differently from ordinary employees for purposes of § 207. The statute for determining whether firefighters qualify as employees or volunteers under the FLSA in general is § 203(e)(4). If § 203(y) sets the standard for whether firefighters are to be considered employees under the FLSA as a whole, this renders § 203(e)(4) inapplicable and irrelevant to firefighters. However, this is not what the regulations contemplate. See 29 C.F.R. §§ 553.104(b), 553.106(e). Section 203(y) simply does not apply to this ease.
III.
The fact that the FLSA’s categories of “employee” and “volunteer” do not necessarily match the common use of those terms or popular perception in general has required us to reach a result in this case that is admittedly somewhat counter-intuitive. However, under the relevant authority and the facts of this case, we are constrained to hold that, simply put, the substantial wages paid to these firefighters constitute compensation, not nominal fees, which makes the Gibraltar firefighters employees, not volunteers, for purposes of the FLSA and FMLA.[8] Accordingly, we REVERSE the district court’s grant of summary judgment for the City and remand for further proceedings.

. In the course of this appeal, we previously remanded the case to the- district court to determine whether the firefighters should be joined as a party’to these proceedings pursuant to Fed.R.Civ.P. 19(a)(l)(B)(i). On remand, the President of the Gibraltar Volunteer Firemen's Association filed an affidavit with the district court, stating that the Association had met and voted to refrain from being included in the present lawsuit. Thereafter, the parties jointly stipulated that this Court could accord complete relief among the existing parties, and that the Association did not claim an interest in this action that might leave it subject to a substantial risk of incurring inconsistent obligations. Accordingly, the district court entered an order stating that an evidentiary hearing was unnecessary. In light of these circumstances, we now proceed to address the merits of the issue raised in this appeal with the parties' presently before us.

. Apparently, the City reimburses the firefighters’ "tuition costs” for training and testing; but does not pay wages for the time the firefighters spend training and testing.

. The Secretary of Labor filed an amicus brief in support of Mendel on appeal.

. There are "[t]wo distinct theories for recovery on FMLA claims.” Arban v. West Pub. Corp., 345 F.3d 390, 400 (6th Cir.2003). First, there is an "entitlement” or "interference” theory based on a violation of 29 U.S.C. § 2615(a)(1) or § 2614(a)(1). Id. at 400-01. Second, there is a "retaliation” or "discrimination” theory based on a violation of § 2615(a)(2). Id. at 401. Mendel has brought a claim under the entitlement/interference theory.

. The City acknowledges that it is an employer as defined by the FMLA, since all public agencies are considered employers under that Act. See 29 U.S.C. § 2611(4); 29 C.F.R. § 825.108.

. In concluding that the firefighters were not "employees” within the meaning of the FLSA, the district court emphasized the lack of control exercised by the City over the firefighters. While we recognize the importance of control as one of the factors under the general economic reality test, we cannot agree that the lack of control in this case is sufficient to overcome the fact that the firefighters are paid substantial wages for performing work as permitted by the City. Indeed, we are mindful of the Supreme Court's observation that the FLSA’s broad definition of "employ” "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles.” Nationwide Mut. Ins. Co., 503 U.S. at 326, 112 S.Ct. 1344. The fact that the firefighters are not only "suffer[ed] or permitted] to work,” see 29 U.S.C. § 203(g), but are also paid substantial wages for their work, means that they certainly fall within the broad scope of the FLSA’s general definition of employees.

. The term also appears in § 213(b)(20), which provides that § 207 does not apply to *572 "any employee of a public agency who in any workweek is employed in fire protection activities ... if the public agency employs during the workweek less than 5 employees in fire protection ... activities.”

. We deem it unnecessary on the facts of this case to address the validity of the Department of Labor’s proposed "twenty-percent test” for determining whether a given payment constitutes compensation or a nominal fee.