NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0460n.06

No. 19-4045

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| RICHARD WATKINS, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT WILKIE, Secretary, Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

**FILED**
Aug 04, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

Before: ROGERS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Richard Watkins appeals the district court's grant of summary judgment in favor of his employer, the Department of Veterans Affairs, on his claims under Title VII of the Civil Rights Act of 1964. We affirm.

Watkins is African-American and has worked for the VA since 1991, most recently as a labor-relations specialist. Although his job is based in Washington, D.C., Watkins usually works remotely from his home in Ohio. In 2016, Watkins filed a complaint of race discrimination with the EEOC, which dismissed the complaint. Watkins then sued the VA, claiming that the VA subjected him to a hostile work environment.

We review the district court's grant of summary judgment de novo. *Mendel v. City of Gibraltar*, 727 F.3d 565, 568 (6th Cir. 2013). Watkins's first claim is that he was subjected to a hostile work environment based on his race. For this claim, Watkins must show that he

experienced harassment that was "severe or pervasive" enough to create an environment that a reasonable person would find hostile or abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). "[O]ccasional offensive utterances do not rise to the level required to create a hostile work environment." *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017).

Watkins points to two remarks made by a white administrative assistant, Ashley Levesque, in 2015 and 2016. First, at a work dinner, Watkins was talking about his travels in Asia when someone said to him, "I bet you were like King Kong over there because you are so tall." That evening, Levesque referenced the earlier comment and told Watkins, "You let her call you a monkey, you let her call you an ape." Second, while speaking to Watkins at an office meeting, Levesque called another coworker the n-word.

Although Levesque's remarks were deplorable, they were also extremely isolated; Watkins admits that these were the only racial slurs he heard personally in 25 years at the VA. *Cf. Phillips*, 854 F.3d at 328. Moreover, Levesque was only an assistant, rather than Watkins's supervisor; the remarks did not interfere with his work; and they were not physically threatening. *Cf. Ladd v. Grand Trunk W. R.R.*, 552 F.3d 495, 501 (6th Cir. 2009). The district court was therefore correct to hold that a jury could not find that these two remarks were severe or pervasive enough to render Watkins's work environment hostile as a whole.

Watkins counters that other coworkers heard Levesque use racial slurs against other employees when he was not present. But comments not directed at the plaintiff are considered relatively less severe. *See Ladd*, 552 F.3d at 501. Accordingly, even taking into consideration these other allegations, Watkins has failed to demonstrate a genuine issue of material fact that he was subjected to a hostile work environment.

Watkins's second claim is that his supervisor, Don Stephen, created a hostile work environment for him—again based on his race, and in retaliation for his complaints about Levesque's two comments. To succeed on this claim, Watkins must show that Stephen engaged in severe or pervasive harassment motivated by Watkins's race or his complaints. *See Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011). But nothing in the record supports that theory of Stephen's motives. *See Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010). Instead, Watkins offers only his subjective belief that Stephen made supervisory decisions based on Watkins's race and complaints; and that belief alone does not create a genuine dispute of material fact. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992).

Watkins does say that Stephen rated him lower on his annual performance evaluations in 2015 and 2016 than in prior years, without explanation. But Watkins concedes that his 2015 evaluation—which, compared to 2014, was only one point lower in one category—was a good one overall. And Watkins's 2016 performance evaluation was also positive, even though he occasionally missed internal deadlines, needed to redo some assignments, and refused to answer calls from Stephen. These evaluations, therefore, do not create a genuine issue as to retaliation.

Watkins also says that Stephen gave him three times as many assignments as a white coworker. But that coworker was not similarly situated to Watkins: he was a new employee; he was paid less; and, at the relevant time, he was still in training. *See Williams*, 643 F.3d at 511. Finally, Watkins says Stephen assigned him to lead a training session at the VA's Medical Center in Dayton, even though Stephen knew that Watkins's ex-wife would be there. But the record shows that Stephen assigned Watkins to that session simply because none of the other available labor-relations specialists resided near Dayton. Thus, none of these supervisory decisions shows that Stephen engaged in severe or pervasive harassment based on race or in retaliation for

Watkins's complaints.  The district court therefore properly granted summary judgment to the VA on this claim as well.

The district court's judgment is affirmed.